IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK D. MULKEY,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANSIT AUTHORITY OF THE CITY OF OMAHA d/b/a METRO AREA TRANSIT,<br><br>    Defendant. | 8:14CV210<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment (Filing No. 21) filed by Defendant Transit Authority of the City of Omaha doing business as Metro Area Transit ("Metro"). For the reasons stated below, the Motion will be denied.

### FACTUAL BACKGROUND

The Court's local rules require that the moving party submit a statement of facts consisting of short numbered paragraphs, supported by pinpoint references to evidence in the record. *See* NECivR 56.1(a). The party resisting summary judgment must respond in numbered paragraphs, with any disputed facts supported by pinpoint references to the record. *See* NECivR 56.1(a). "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1).

Metro submitted a statement of material facts, with numbered paragraphs, supported by pinpoint citations to evidence in the record in compliance with NECivR 56.1(b). Plaintiff Mark Mulkey ("Mulkey") did not properly respond to Metro's statement of facts in accordance with NECivR 56.1(a). Instead, Mulkey responded generally to Metro's factual statements in the Argument section of his brief, in which he also

presented more facts. Although Mulkey's response did not comply with NECivR 56.1, the Court has attempted to incorporate herein the facts presented by both parties that are supported by the record.

In December 2012, Metro posted a job opening for a maintenance supervisor position (the "Supervisor Position"). Mulkey applied for the position at a time when he was a second-class mechanic with Metro working the second shift, from 3:30 p.m. to midnight. Sander Scheer ("Scheer") also applied for the Supervisor Position. He was a second-class mechanic with Metro at that time, working the day shift, from 9:00 a.m. to 5:30 p.m. Neither Mulkey nor Sheer had supervisory experience at Metro, although Scheer had prior supervisory experience with a landscape company. Metro promoted Scheer to the Supervisor Position.

Mulkey contends that Glenn Bradley ("Bradley"), Mulkey's supervisor, called Mulkey to his office on the day Scheer was promoted to the Supervisor Position. Bradley said, "You didn't get the job, we went with a younger person." (Mulkey Dep., Filing No.26-2 at 106:7-9.) Mulkey then told Bradley that his comment "sounded like age discrimination." (Filing No. 26-2 at 106:11-12.) Bradley responded saying, "Well, I didn't mean it like that." (Filing No. 26-2 at 106:12-13.) Bradley continued to say that "he didn't mean it to be derogatory as toward [Mulkey's] age and stuff" and that "basically [Metro was] looking at longevity." (Filing No. 26-2 at 106:15-18.) Mulkey replied, "Well, it's the same thing." (Filing No. 26-2 at 106:18-19.)

Metro contends that Mulkey cannot prove age discrimination was the "but-for" reason for Metro's decision to promote Scheer and not Mulkey, because Mulkey made statements suggesting that Metro had *other* reasons for its decision. For example,

2

during his deposition, Mulkey said he felt Metro promoted Scheer because it could control him. He also thought since Scheer worked on the day shift, he knew David Jameson ("Jameson"), Metro's Safety Director, better, and "based on [Jameson and Scheer] knowing each other" Scheer probably had an "inside track on the position . . . ." (Filing No. 26-2 at 112:8-11.)

## STANDARD OF REVIEW

"Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint*, 736 F.3d 1134, 1136 (8th Cir. 2013) (citing Fed. R. Civ. P. 56(c)). "Summary Judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. Of St. Louis*, 690 F.3d 1004, 1011 n. 2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) *cert. denied*, 132 S.Ct. 513 (2011)) (internal quotation marks omitted). In reviewing a motion for summary judgment, the court will view "all facts and mak[e] all reasonable inferences favorable to the nonmovant." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(c) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id*. at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

3

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe,* 690 F.3d at 1011 (quoting *Torgerson*, 643 F.3d at 1042 (internal quotation marks omitted). "[T]he mere existence of some alleged factual dispute between the parties" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)) (internal quotation marks omitted).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012) (quoting *Torgerson*, 643 F.3d at 1042) (internal quotation marks omitted). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue for trial" and summary judgment is appropriate. *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)) (internal quotation marks omitted).

**DISCUSSION**

Mulkey alleges that Metro discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634,

("ADEA") and the Nebraska Age Discrimination in Employment Act, Nebraska Revised Statute § 48-1004, ("NADEA") when Metro failed to promote Mulkey to the Supervisor Position.

The purpose of the ADEA is to "promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). Thus, the ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1); *Schiltz v. Burlington N. R.R.*, 115 F.3d 1407, 1411 (8th Cir. 1997). Likewise, the NADEA also makes such conduct unlawful. Neb. Rev. Stat. § 48-1004 (Reissue 2010). The NADEA is interpreted in conformity with the ADEA, and the Court will apply the same analysis to both claims. *See Billingsley v. BFM Liquor Mgmt., Inc.,* 645 N.W.2d 791, 801-02 (Neb. 2002).

"Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor," and therefore, does not authorize mixed-motives age discrimination claims. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009). Thus, under the ADEA, an employer does not "discriminate against [an] individual . . . *because of* such individual's age," 29 U.S.C. § 623(a)(1) (emphasis added), unless "age [is] the 'but-for' cause of the employer's decision." *Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 516 (8th Cir. 2011) (citing *Gross*, 557 U.S. at 176). "This is not to say that age must have been the *only* factor in

the employer's decisionmaking process, but only that, as among several factors, age was the factor that made a difference." *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 801 (8th Cir. 2014) (alterations in original).

"A plaintiff may establish [his] claim of intentional age discrimination through either direct evidence or indirect evidence." *Tusing*, 639 F.3d at 515 (quoting *King v. United States*, 553 F.3d 1156, 1160 (8th Cir. 2009) (internal quotation marks omitted). "By identifying direct evidence of discriminatory motive, a plaintiff overcomes summary judgment, foregoing the *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)] analysis." *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (2015) (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011)). "Direct evidence includes circumstantial evidence if the plaintiff shows 'a specific link between a discriminatory bias and the adverse employment action, sufficient to support a finding by a reasonable fact-finder that the bias motivated the action.'" *Id.* (quoting *Torgerson*, 643 F.3d at 1046). "But if the plaintiff lacks evidence that clearly points to the presence of an illegal motive, he must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Id.* at 1004 (quoting *Torgerson*, 643 F.3d at 1044) (internal quotation marks omitted).

"Under *McDonnell Douglas*, an employee first establishes a prima facie case of discrimination." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802). The elements of a plaintiff's prima facie case are: (1) he was over the age of 40 at the time of the challenged decision; (2) he was not promoted; (3) he was qualified for the job; and (4) a younger person was hired to fill the position. *Id.* at 1004. "The burden of production then

6

shifts to the employer to 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802. "If the employer offers such a reason, the burden shifts back to the plaintiff to [demonstrate] that the employer's proffered explanation is pretext for unlawful discrimination." *Id.*

Metro does not address whether Mulkey has presented direct evidence of discrimination, and Metro does not deny that Mulkey can prove a prima facie case of age discrimination. Metro argues that Mulkey's statements are admissions proving that age was *not* the "but-for" cause of Metro's employment action. Yet, Metro has not presented any evidence of its own legitimate non-discriminatory reasons for its employment action. Instead, Metro relies on Mulkey's own speculation about why Scheer may have been promoted instead of Mulkey. When determining causation, however, a court does not look to what the *employee* presumes about an employer's motives; instead, a court looks to evidence of the *employer's* intent. *See Tramp*, 768 F.3d at 802 ("The key is what the employer supposes about age . . . .") (quoting *EEOC v. City of Independence, Mo.*, 471 F.3d 891, 896 (8th Cir. 2006)) (internal quotation marks omitted).

During his deposition, Mulkey repeatedly noted that his statements about reasons why Scheer may have been promoted were "just [his] feelings." (Filing No. 22-1 at 112:12-14.) He did not claim that these "feelings" were based on any statements made by decision-makers at Metro. While some of Mulkey's statements regarding Metro's employment decision may be probative of Metro's motivation for its employment action, they are not dispositive. Further, as evidence that age *was* the reason Metro failed to promote Mulkey, Mulkey directed the Court to comments allegedly made by

7

Bradley,[1] Mulkey's supervisor, suggesting that age may have been the "but-for" cause of Metro's employment action. Metro has not disputed that Bradley made these comments to Mulkey nor has Metro directed the Court to any evidence identifying the factors that actually influenced the decision-makers at Metro.

Considering the evidence presented by the parties in the light most favorable to Mulkey, the Court concludes that a reasonable fact finder could conclude that age was the "but-for" cause of Metro's decision not to promote Mulkey to the Supervisor Position.

## CONCLUSION

Metro failed to demonstrate that it is entitled to judgment as a matter of law. Based on the evidence presented by the parties, questions of fact remain as to Metro's reasons for promoting Scheer to the Supervisor Position instead of Mulkey. Accordingly,

IT IS ORDERED: Transit Authority of the City of Omaha's Motion for Summary Judgment (Filing No. 21) is denied.

Dated this 23rd day of July, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] Although neither party has identified which Metro employees were responsible for making the decision regarding the Supervisor Position, for purposes of this motion and viewing the facts in the light most favorable to Mulkey, the Court infers that Bradley was a decision-maker.

8