IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARK D. MULKEY,

        Plaintiff,

vs.

TRANSIT AUTHORITY OF THE CITY OF OMAHA d/b/a METRO AREA TRANSIT,

        Defendant.

8:14CV210

AMENDED MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's Motions in Limine (Filing Nos. 37 and 38). Defendant Transit Authority of the City of Omaha d/b/a Metro Area Transit ("Metro") seeks to preclude Plaintiff Mark Mulkey ("Mulkey") from offering the testimony of Robert Lindsay ("Lindsay"), Shane Smoot ("Smoot"), and James Miller ("Miller").

The upcoming jury trial concerns Mulkey's allegation that Metro discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, ("ADEA") and the Nebraska Age Discrimination in Employment Act, Nebraska Revised Statute § 48-1004, ("NADEA") when Metro failed to promote Mulkey to a supervisory position and promoted a younger employee, Sander Scheer ("Scheer"). Metro asserts that Lindsay, Smoot, and Miller were not Metro decision-makers involved in the process of promoting Scheer, and they should not be permitted to offer opinions about Scheer's experience, performance, or abilities, nor opinions about Metro's motivation for promoting him. Metro also seeks to preclude Mulkey from offering Miller's testimony as it relates to Miller's own claim of age discrimination against Metro and the settlement of that claim.

As the Court noted in its Memorandum and Order (Filing No. 28) denying Metro's Motion for Summary Judgment, Metro has yet to articulate a legitimate, nondiscriminatory reason for promoting Scheer and not Mulkey. *Id*. at 7. Until Metro articulates the reason for its decision, it is premature to conclude that Lindsay, Smoot, or Miller cannot offer any testimony that might assist a trier of fact to determine whether the articulated reason was a pretext for age discrimination.

While Lindsay, Smoot, and Miller may be precluded from offering testimony that is irrelevant, or based on speculation or hearsay, or lacking proper foundation, such objections may be raised at the time of trial if improper testimony is elicited.

With respect to Miller's own claim of age discrimination against Metro and the settlement of that claim, the Court concludes at this juncture that the prejudicial impact of such testimony likely would exceed its probative value, and the Court will preclude Mulkey, in limine, from offering such evidence, pursuant to Federal Rule of Evidence 403.

IT IS ORDERED:

1. Defendant's Motion in Limine and Memorandum in Support to Exclude Testimony of Robert Lindsay and Shane Smoot (Filing No. 37) is denied, without prejudice to Defendant asserting its objections at trial; and

2. Defendant's Motion in Limine and Memorandum in Support to Exclude Testimony of James Miller at Trial (Filing No. 38) is granted in part, as follows:

> Plaintiff is precluded, in limine, from eliciting testimony or offering other evidence of James Miller's lawsuit against the Transit Authority of the City of Omaha d/b/a Metro Area, pursuant to the Age Discrimination in Employment Act, or the settlement of that lawsuit;

And the Motion is otherwise denied, without prejudice to Defendant asserting its objections at trial.

Dated this 19th day of October, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge